MILLER, STATE REVENUE AGENT, *v.* CITIZENS' NAT. BANK.[*]

(Division A. Nov. 29, 1926.)

[110 So. 439. No. 25921.]

1. TAXATION. *Assessments of bank shares estimated at par and increased by value of surplus held proper, though assessment rolls unnecessarily set forth manner of arriving at value (Hemingway's Code Supp. 1921, section 6907).*

   Under Laws 1920, chapter 193 (Hemingway's Code Supp. 1921, section 6907), assessments of value of bank shares, estimated at par and increased according to value of bank surplus, *held* proper, although assessment rolls unnecessarily set forth manner at which such value was arrived at, since any error therein could be corrected only on appeal within time allowed therefor.

2. TAXATION. *Assessment of property is conclusive against taxpayer as to ownership and against taxpayer and public as to valuation.*

   Assessment of property for taxation is conclusive as against taxpayer as showing that he is owner and taxable for property shown on roll, and against taxpayer and public in that valuation of enumerated property is as finally shown thereon.

---

[*]Corpus Juris-Cyc. References: Taxation, 37 Cyc, p. 1038, n. 90; p. 1071, n. 31.

APPEAL from circuit court of Lauderdale county.
HON. R. M. BOURDEAUX, Judge.

Proceedings by W. J. Miller, State Revenue Agent, against the Citizens' National Bank for back assessments of its property. Judgment sustaining defendant's plea of *res adjudicata* on appeal to circuit court from orders of the board of supervisors of Lauderdale county and the city council of Meridian declining to back-assess the property, and plaintiff appeals. Affirmed.

*Wyatt Easterling* and *L. F. Easterling,* for appellant.

The statute prescribing the method of taxation of banks as in force from 1918 to 1920 was section 6907, Hemingway's Code. For the years 1920-1922 said statute as amended by chapter 193, Laws of 1920 is substantially the same. These and similar sections have been under review in: *Bank of Oxford* v. *Oxford,* 70 Miss. 505, 12 So. 203; *State* v. *Simmons,* 70 Miss. 484, 12 So. 477; *Bank of Oxford* v. *Lafayette County,* 70 Miss. 152, 29 So. 825; *Adams* v. *People's Bank,* 108 Miss. 346, 66 So. 407; *Bank* v. *Pike County,* 111 Miss. 857, 72 So. 697; *State Revenue Agent* v. *Bank,* 108 Miss. 347, 66 So. 407.

It is our contention that since the return as made by the bank is copied on the face of the roll, approved as turned in by the tax assessor, showing on its face an estimated amount of deduction from capital stock, surplus and undivided profits, it is not *res adjudicata* to the amount so deducted. *Horne* v. *Green,* 52 Miss. 452; *Magnolia Bank* v. *State,* 111 Miss. 857, 72 So. 697; *Revenue Agent* v. *Clark,* 89 Miss. 134, 31 So. 216.

It is the contention of the appellant that the rolls here do not constitute *res adjudicata,* for the reason that it appears on the face of the rolls that these arbitrary deductions were made, and the board in approving the rolls excluded and excepted the amounts claimed as deductions; and, therefore, these amounts of capital stock, surplus, and undivided profits *having been excluded* from the assessments on the rolls, were not assessed; but, on the contrary, escaped taxation, and the appellant was clearly within his duty when he gave notice and caused these amounts to be back-assessed by way of an additional assessment.

On the face of the rolls it clearly appears that the banks were not assessed with, nor did they pay taxes on, the full value of capital stock as increased by surplus and undivided profits. *Adams* v. *People's Bank,* 66 So. 409; *Revenue Agent* v. *Clark,* 80 Miss. 134, 31 So. 216.

The roll itself shows on its face that the exact amounts sought to be back-assessed in the proceeding were the exact and identical amounts arbitrarily deducted from the value of the capital stock and enhanced by its surplus and undivided profits.

There can be no presumption when the unlawful method of assessment is shown on the face of the roll. The roll cannot be taken as conclusive that it did assess all the shares, surplus and undivided profits when it shows on its face that it did not, but approved arbitrary deduction for depreciation and insolvent credits.

The rolls attached to the objections as a matter of law, do not show that these amounts were ever assessed, so treated as a plea of *res adjudicata* this objection is not sufficient in law to preclude the back assessments contended for. *Darnell* v. *Johnson,* 66 So. 780, is directly in point.

They have no power under the law to deduct interest owing by the bank; or assets invested in non-taxable bonds. Suppose the roll had shown that Liberty Bonds owned by the bank were deducted from the value of the stock; would not that part excluded from taxation have escaped and would it not be liable to back-assessment? For a review of the law on duties and powers of assessing board, see *Y. & M. V. R. R. Co.* v *Adams,* 32 So. 942.

The demurrer should have been sustained, and the cause should be reversed and remanded.

*Baskin, Wilbourn & Miller,* for appellee.

The matter before the court is the attempted assessment of the Citizens National Bank before the board of supervisors of Lauderdale county and the city council of Meridian, Mississippi. It is the bank's contention, which was sustained by the city council, the board of supervisors and the circuit judge, that its capital stock, surplus and undivided profits did not escape taxation for the years in question; and that the matter of the assess-

ment of the bank on its capital stock, surplus and un-
divided profits for the years in question is *res adjudicata.*

First, with reference to the case involving the at-
tempted back-assessment of the bank for the year 1920
for state and county taxes, it is manifest from a mere
reading of the entry made by the tax assessor and by
the board of supervisors on the assessment roll itself
that the board of supervisors specifically found and ad-
judicated what was the par or face value of the capital
stock, surplus and undivided profits of the bank, and
thus taking such finding as a basis, arrived at the true
assessable value.

Furthermore, it is plain that the board in accepting
and approving the assessment of the bank for the year
1920, by whatever process they followed, arrived at and
fixed the assessable value of all of the capital stock, sur-
plus and undivided profits of the bank for the year in
question. No appeal was taken therefrom and the tax
was paid on the basis thereof.

There was a solemn adjudication as to the amount of
the assessable value of all of the capital stock, surplus
and undivided profits of the bank; and it is not now com-
petent for the revenue agent to maintain proceedings to
back-assess the bank upon the theory that the board of
supervisors erred in fixing the amount; or that the board
of supervisors under-valued the assets of the bank.

The city council took as a basis the par value of the
capital stock, surplus and undivided profits of the bank
and starting with such basis, considered and adjudicated
that the true assessable value was less than such amount
and so entered it on the assessment roll, approved same
and collected the taxes accordingly.

It was the peculiar function of the city council to arrive
at the true assessable value of the property of the bank
and to equalize it with other assessments.

We are unable to see in any of the authorities cited
by appellant anything to sustain his contention. The
method of assessment of banks is clearly set forth in

section 6907, Hemingway's Code.  See, also, *Robertson*
v. *Yazoo City Bank,* 85 So. 177, which disposes of the
present appeal.  There are other cases, too, which, on the
plea of *res adjudicata,* definitely dispose of this appeal
in favor of the appellee bank.  *Adams* v. *People's Bank
of Biloxi,* 108 Miss. 346, 66 So. 407.

The dissent of Justices ETHRIDGE, HOLDEN and STEVENS
in *Robertson* v. *Yazoo City Bank,* 85 So. 178, was based,
not upon any disagreement with what was said by the
other justices on the point of *res adjudicata,* but be-
cause, as they saw it in that case, there was a fraudu-
lent return, and fraud had been admitted, and that fraud
vitiated the judgment of the board of supervisors.  There
is no such issue raised in the case at bar; and, therefore,
the dissenting opinion in the case of *Robertson* v. *Bank,
supra,* is not applicable.

The point that this stock, surplus, and undivided profits
of the bank have not escaped taxation by reason of not
having been assessed is decided in *Adams* v. *Luce,* 87
Miss. 220, 39 So. 418; and the decision is followed in
*Robertson* v. *Bank,* 85 Miss. 178.

The attorneys for the revenue agent insist that the
board, as they view it, has acted without the sanction of
law in fixing the assessment.  In this we submit they are
in error.  In the case of *Revenue Agent* v. *Bank, supra,*
the court expressly held that if the shares of the capital
stock of the bank are of less than par value, they shall be
valued accordingly.

*Bank of Commerce* v. *Adams County,* 93 So. 442, shows
very clearly that, as we view it, our interpretation of
the statute and of the power and authority of the board
of supervisors and city council in this case and of the
judgment each rendered in this case is correct; and that
their judgment cannot be assailed by the revenue agent.

SMITH, C. J., delivered the opinion of the court.

This record embraces two cases by consent of the
parties thereto, one of which was appealed to the court

below from an order of the board of supervisors of Lauderdale county, declining to comply with a request of the revenue agent to back assess certain property of appellee, and the other from an order of the city council of Meridian, declining to back-assess the same property for municipal taxes.

The orders appealed from were affirmed in the court below, and the revenue agent has brought the cases to this court. When the cases reached the court below, the appellee filed a plea of *res adjudicata* in each of them, to which demurrers by the appellant were overruled, and, on his declining to plead further, the cases were dismissed. No point is made on this method of procedure by either party.

The back assessment sought by the revenue agent in the case appealed from the board of supervisors is for the year 1920, and in the case appealed from the city council of Meridian for the years 1918 to 1922, inclusive. The appellee's plea in the case appealed from the board of supervisors sets forth that the personal assessment roll of Lauderdale county for the year 1920 discloses the following assessment of property owned by the appellee for that year:

"One thousand five hundred shares of capital stock, at par value of one hundred dollars per share, one hundred fifty thousand dollars plus surplus, one hundred fifty thousand dollars, plus undivided profits, four thousand two hundred sixty-seven dollars and forty-nine cents, total book or par value, three hundred four thousand two hundred sixty-seven dollars and forty-nine cents; less amount par value exceeds true value of United States bonds, eleven thousand five hundred forty-five dollars, and less amount par value exceeds true value notes and bills receivable, sixteen thousand and twelve dollars and eighty-eight cents, and less accrued interest on interest-bearing deposit, nineteen thousand seven hundred seventy-eight dollars and seventeen cents, less real estate one hundred forty-one thousand five hundred twenty-nine dol-

lars and twenty-seven cents, making total deductions of one hundred eighty-two thousand eight hundred sixty-five dollars and nine cents, leaving assessable value of capital stock, surplus, and undivided profits of one hundred twenty-one thousand four hundred two dollars and twenty cents—one hundred twenty-four thousand four hundred dollars.''

The plea in the case appealed from the city council of Meridian discloses an assessment similar in effect to that in the case of the board of supervisors, the one for 1918, which will serve as an illustration thereof, being as follows:

| | |
|---|---|
| 1,500 shares of capital stock | $150,000.00 |
| Surplus and undivided profits | 144,620.00 |
| | $294,620.00 |
| Less real estate assessed elsewhere | 148,210.00 |
| Less depreciation deducted for depreciation and insolvent credits | 21,960.00 |
| Total assessment | $124,450.00 |

Chapter 193, Laws of 1920 (section 6907, Hemingway's Supplement of 1921), provides:

''The president, cashier, or other officer having like duties, of each bank or banking association in this state, existing by the laws of this state, shall deliver to the assessor of taxes of the county in which it is located, a written statement, on or before the first day of May of each year, under oath, of the number and amount of all the shares of its capital stock paid in, or if it be not a corporation or joint stock company, then the amount of its capital, and of the sum of all undivided profits or surplus or accumulation of any sort constituting part of the assets of the bank and not including its real estate; and the value of such shares estimated at par and increased by the proportion of the par value of all the shares of stock to the said surplus fund or accumulation, or of the amount of its capital so increased, shall be the basis of

the taxation of such shares to the bank or of the capital to the owner thereof in the case the bank be not a corporation or joint stock company.''

The revenue agent's contention is that the shares of the appellee's capital stock, augmented by its surplus and undivided profits, have escaped taxation for the years hereinbefore referred to, to the extent of the deductions, other than that on its real estate, which appear to have been made therefrom on the assessment rolls.

These assessments are on the value of the shares of the bank estimated at par and increased by what the assessors and the board of supervisors or the city council, as the case may be, decided to be the value of the bank's surplus and undivided profits, which is exactly what the statute requires. That the assessment rolls unnecessarily set forth the manner in which the assessor and board of supervisors and the city council arrived at this value is of no consequence, for any error therein cannot be here inquired into and could have been corrected only on an appeal from the order of the board of supervisors or the city council approving the assessment to the court below within the time allowed therefor. An assessment of property for taxation is conclusive of two facts:

''First, as against the taxpayer, that he is the owner, or taxable for the property shown on the roll; second, as against the taxpayer and the public, that the valuation of the enumerated property is as finally shown on the roll.'' *Adams* v. *Clark,* 80 Miss. 152, 31 So. 219.

The foregoing views are not only not in conflict with *Adams* v. *People's Bank,* 108 Miss. 346, 66 So. 407, but are in accord therewith. In that case the revenue agent sought to back-assess two banks, one of which was the First National Bank of Gulfport, for the years 1903 to 1907, inclusive. The opinion recites:

''In 1903 the First National Bank was assessed under the heading, 'Amount of money, United States legal tender notes, and other notes and certificates of the United

States, payable on demand and circulating or intending to circulate as currency, and gold and silver or other coin on hand, or on deposit or loaned;' in 1904, 'Capital stock and surplus;' in 1905, 'Capital stock and undivided profits;' 1906 and 1907, 'Personal property not otherwise enumerated.' ''

The assessment of the First National Bank for all of these years was shown to be incorrect in that the value of its capital stock increased by its surplus and undivided profits was greater than the amount of personal property with which the bank was assessed.  The court held that the assessments for the years 1903, 1906, and 1907 were not conclusive and permitted an assessment for those years; but also held that ''the assessments against the First National Bank for the years 1904 and 1905 were properly made, and on the roll showed that the bank was to pay taxes on property it owned, and with which it was assessed under the scheme for taxing banks provided in the statute; that is, on its capital stock and accumulations.''

*Affirmed.*